# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy No. 17-24680-CMB |
| CANDACE LYNN DOLFI, | Chapter 13 |
| Debtor. | |
| CANDACE LYNN DOLFI, | |
| Movant, | |
| v. | Related to Doc. No. 47 |
| BRIAN DOLFI, | |
| Respondent. | |

*Appearances*:  Dennis J. Spyra, Esq., for Debtor/Movant
Keri P. Ebeck, Esq., for Respondent

## MEMORANDUM OPINION

The matter presently before the Court is the *Motion to Avoid Judgment Lien Pursuant to 11 U.S.C. Section 522(f)(1)(A)* ("Motion to Avoid Lien," Doc. No. 47), filed by the Debtor, Candace Lynn Dolfi.[1] Debtor asserts that she is entitled to avoid the judgment lien of the Respondent, Brian Dolfi, as the lien impairs her homestead exemption. Brian Dolfi opposes the Motion to Avoid Lien. He contends that his judgment lien is in first position and therefore not subject to avoidance under §522. In the alternative, Brian Dolfi contends that his lien may only be

---

[1] Pursuant to 28 U.S.C. §§1334 and 157, this Court has subject matter jurisdiction over this proceeding. Further, this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (K), and (O).

1

avoided in part. For the reasons set forth herein, this Court finds that Debtor may avoid the lien in its entirety upon amending the amount of the exemption taken in her residence.

Background & Procedural History

The factual background is not the subject of dispute. On November 20, 2017, Debtor commenced the above-captioned case by filing a petition for relief under Chapter 13 of the Bankruptcy Code.[2] On January 25, 2018, Brian Dolfi, who has been identified as Debtor's former father-in-law, filed a Proof of Claim identifying an unsecured claim in the amount of $24,000.00. *See* Claim No. 5-1. Nearly one year later, on December 12, 2018, Brian Dolfi amended his Proof of Claim, identifying his claim as secured based upon a judgment lien. *See* Claim No. 5-2. Debtor's Motion to Avoid Lien followed.

Within the Motion to Avoid Lien, Debtor asserts that Brian Dolfi obtained a judgment by default on March 2, 2015, in the Court of Common Pleas of Fayette County, Pennsylvania, against both Debtor and her former spouse for their default under the terms of a promissory note. Although Debtor owned no property within the county at that time, shortly thereafter, on March 20, 2015, she purchased her residence within the county. According to Debtor, the deed for the residence and the purchase money mortgage of PNC National Association ("PNC") were recorded on the same date, and PNC holds the primary secured interest in her residence. Debtor alleges that based upon the valuation of her residence at $170,000.00, PNC's mortgage in the amount of $150,000.00, and her entitlement to an exemption in excess of $20,000.00, she is permitted to avoid Brian Dolfi's judgment lien under §522(f)(1)(A) as it impairs the exemption to which she is entitled.

---

[2]    The Court takes judicial notice of the bankruptcy docket, the Debtor's Schedules, and the Claims Register for the purpose of setting forth the timing of events in this case and facts not reasonably in dispute. *See* Fed.R.Evid. 201.

2

Brian Dolfi filed an Objection (Doc. No. 50) opposing Debtor's Motion to Avoid Lien. Brian Dolfi contends that his judgment lien was recorded prior to the mortgage lien of PNC and is therefore in first lien position on the Debtor's residence. Brian Dolfi further concludes that, because his lien is in first position, it is not subject to avoidance under §522. *See* Objection, at ¶11.

On May 2, 2019, nearly one month after the response deadline passed, Brian Dolfi filed a Supplemental Response (Doc. No. 58) asserting that Debtor failed to file a timely objection to his claim; the Motion to Avoid Lien is not an appropriate means to object to the claim; and the Motion to Avoid Lien should therefore be denied.[3] In his brief, Brian Dolfi asserts that, to the extent Debtor is attempting to object to the classification of the claim as secured, Debtor failed to timely object and is estopped from doing so. *See* Doc. No. 64 ("Dolfi's Brief"), at 6. The Court does not read the Motion to Avoid Lien as an untimely objection to claim nor did Brian Dolfi establish that Debtor was required to object to his claim. Rather, treating the claim as secured, Debtor applies §522(f)(1)(A) to conclude that the judgment lien impairs her exemption and may be avoided. At oral argument, Brian Dolfi acknowledged that an objection to claim and motion to avoid lien are two distinct actions. As Brian Dolfi did not otherwise assert a basis to find the Motion to Avoid Lien untimely, the Court will not address the argument any further.

By Order dated May 7, 2019 (Doc. No. 61), the Court directed briefing and scheduled oral argument. Among the issues to be addressed in the briefs were the relevance of priority and the analysis set forth in *Taitt v. Filomena White Realty, Inc.* (*In re Taitt*), 452 B.R. 900 (Bankr.M.D.Pa.

---

[3] In support of this argument, Brian Dolfi relies on W.PA.LBR 3021-1(c)(2), which provides that objections to claims shall be filed within ninety days after amended claims are filed and served. The rule further provides that, "[a]bsent an objection, the proof of claim will govern as to the classification and amount of the claim." Accordingly, Brian Dolfi asserts that, as no timely objection to his claim was filed, the claim should be classified as secured.

2011). In addition to the issues previously raised, Brian Dolfi also raised an alternative argument in his brief. He now contends that, if avoidance is permitted, only partial avoidance is appropriate as the Debtor claimed only a $15,000.00 exemption in her residence as opposed to an exemption in excess of $20,000.00 as Debtor relied upon in her Motion to Avoid Lien. *See* Dolfi's Brief, at 4-5. Debtor's brief addressed the new allegation asserting that she is entitled to an exemption of $23,675.00, which would permit avoidance of the entire lien. *See* Doc. No. 70 ("Debtor's Brief"), at 5. Debtor further stated her intention to amend her exemptions accordingly. As the parties have filed briefs and oral argument was held on August 27, 2019, the matter is ripe for decision.

## Analysis

Section 522(f)(1)(A) provides, in pertinent part, that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled…, if such lien is a judicial lien…." Debtor contends that Brian Dolfi's judgment lien may be avoided pursuant to this provision. To the contrary, Brian Dolfi contends that avoidance is not permissible as his judgment lien is in a first priority position; however, he cites to no persuasive authority to conclude that judicial liens that are senior to unavoidable mortgages are insulated from avoidance under §522(f).

As a preliminary matter, the Court will briefly address Brian Dolfi's contention that he holds a first priority lien. In support of his position, Brian Dolfi relies on the analysis set forth in *Watson v. Friend*, No. 1794 EDA 2014, 2015 WL 6164712, 2015 Pa. Super. Unpub. LEXIS 1180 (Pa. Super. Ct. Apr. 30, 2015). In that case, the appellant sought to strike a judgment on the basis that she did not own any real property at the time the judgment was entered. The court observed that, *if the appellee took the proper procedural steps*, she *could* obtain a judgment lien against appellant's after-acquired real property. *See* 2015 WL 6164712, at *2, 2015 Pa. Super. Unpub.

4

LEXIS 1180, at *4. Citing to Pennsylvania Rule of Civil Procedure 3027, the court found that if appellee "were to revive the judgment it would become a judgment lien against any real property owned by Appellant in Philadelphia County – despite the fact Appellant did not own any land in Philadelphia County (or elsewhere) at the time judgment was entered…." *See* 2015 WL 6164712, at *3, 2015 Pa. Super. Unpub. LEXIS 1180, at *6. While acknowledging that the judgment could create a lien on after-acquired property, further action was required.

Here, Brian Dolfi relies on Pennsylvania Rule of Civil Procedure 3027(b)(2) and the note thereto[4] in support of his conclusion that the judgment lien attached regardless of whether the real property was owned by Debtor at the time the judgment was entered in the judgment index. *See* Objection, at ¶21. Accordingly, he concludes that the judicial lien is a first lien on the Debtor's residence. *See* Objection, at ¶¶23-24. Rule 3027 and the note set forth therein provide, in pertinent part, as follows:

> (a) Upon issuance of the writ of revival or the filing of an agreement to revive, the prothonotary shall enter it in the judgment index against each defendant and terre-tenant named therein.
> (b) The writ or agreement, when entered in the judgment index, shall
> > (1) *continue* the lien upon real property located in the county which is subject to the lien of the judgment which is sought to be revived,
> > (2) *create* a lien upon all other real property located in the county, title to which at the time of entry in the judgment index is recorded in the name of the defendant….
> > > Note: The lien attaches whether or not the real property was owned by the defendant at the time the original judgment was entered in the judgment index or the lien of the judgment was previously revived and whether or not the lien of the judgment had been lost as to the property.

---

[4] "A note to a rule or an explanatory comment is not a part of the rule but may be used in construing the rule." *See* Pa.R.Civ.P. 129(e).

5

*See* Pa.R.Civ.P. 3027(a)-(b)(1)-(2) (emphasis added). Accordingly, upon the entry of *a writ of revival or an agreement to revive* in the judgment index, a lien will be *created* on real property within the county titled in the name of the defendant that was not previously subject to the lien of judgment.[5] Brian Dolfi alleges no facts regarding entry of a writ of revival or agreement to revive to establish the applicability of this rule. No further clarification or elaboration was provided in his brief or at the time of oral argument to support his position. Further, Brian Dolfi did not challenge the Debtor's characterization of PNC's mortgage as a purchase money mortgage. Based on the foregoing, Brian Dolfi failed to establish that his judicial lien is in a first priority position.

Significantly, *even if* Brian Dolfi established that he obtained a first priority lien on the residence, he failed to establish that the alleged priority prevents avoidance under §522(f). Section 522(f)(2)(A) sets forth the method for determining whether a lien impairs an exemption such that avoidance under §522(f)(1)(A) is appropriate.

> [A] lien shall be considered to impair an exemption to the extent that the sum of--
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

*See* 11 U.S.C. §522(f)(2)(A). According to Debtor, the judgment lien impairs the exemption Debtor is entitled to take in her residence. Within the Motion to Avoid Lien, Debtor values her residence at $170,000.00 and identifies the purchase money mortgage of PNC in the amount of

---

[5] This is consistent with Pa.R.Civ.P. 3023, which provides that "a judgment when entered in the judgment index shall create a lien on real property located in the county, *title to which at the time of entry is recorded in the name of the person against whom the judgment is entered*." (Emphasis added.) In this case, it is uncontested that Debtor did not own her residence at the time the judgment was entered.

$150,000.00.[6] As Debtor asserts that she is entitled to an exemption in her residence in excess of $20,000.00, Debtor concludes that Brian Dolfi's judgment lien impairs her exemption thereby entitling her to avoid the entire judgment lien.[7]

Within the Objection, Brian Dolfi did not contest the amounts used in the Debtor's calculation.[8] Rather, the Objection was based upon the contention that the lien was not subject to avoidance at all as a first priority lien on the residence. *See* Objection, at ¶¶11, 24. Notably, the plain language of the statute does not appear to condition avoidance on whether a judgment lien is junior to unavoidable liens on the property. In his brief, Brian Dolfi seeks to distinguish the analysis in *Taitt v. Filomena White Realty, Inc.* (*In re Taitt*), 452 B.R. 900 (Bankr.M.D.Pa. 2011), as the judgment lien at issue in that case was sandwiched between unavoidable liens. In this case, he conclusively asserts that, because his lien is in first position, avoidance would be contrary to public policy. *See* Dolfi's Brief, at 3. Brian Dolfi concedes, however, that he has not discovered a case on point and does not believe the courts have decided the issue. The Court finds the argument is unpersuasive to overcome the plain language of the statute.

While it is true that the judgment lien at issue in *Taitt* was third in priority behind two mortgages followed by another mortgage, the analysis is not so limited as Brian Dolfi contends. The court applied the language of §522(f) and found that the judicial lien was avoidable. *See Taitt*,

---

[6] PNC filed a Proof of Claim on December 29, 2017, in the amount of $150,807.96. *See* Claim No. 2-1.

[7] Debtor's calculation appears to be as follows: $24,000.00 (Brian Dolfi's judicial lien) + $150,000.00 (PNC's mortgage) + $20,000.00 (Debtor's asserted entitlement to exemption) = $194,000.00, which exceeds $170,000.00 (value of the residence) by $24,000.00, permitting total avoidance of the judicial lien.

[8] At oral argument, Brian Dolfi clarified that he is not disputing the Debtor's valuation of the residence or the amount claimed in PNC's Proof of Claim. *See also* Dolfi's Brief, at 4-5. The challenge with respect to the amount of Debtor's exemption is raised for the first time in Brian Dolfi's brief and is addressed *infra*. *See* Dolfi's Brief, at 4-5.

452 B.R at 902. The court observed that "[w]hile it is true enough that this process merely elevates the status of the third mortgage lien to the detriment of the judgment holder, the result appears to be a conscious decision by Congress." *See id.* (citing *In re Smith*, 315 B.R. 636, 641 (Bankr.D.Mass.2004) for the conclusion that "[Congress] gave no special protection to judicial liens that are senior to unavoidable mortgages."). The court in *Taitt* did not condition its decision on the fact that the judicial lien was sandwiched between mortgages.

Significantly, the plain language of §522(f)(2)(A)(ii) includes "all other liens on the property" as part of the calculation to determine impairment. Accordingly, even unavoidable junior mortgages are considered in the analysis. This is consistent with a previous holding by the Court. This Court held that "a debtor, as a matter of law, can avoid a higher priority judicial lien if the same impairs such debtor's exemption if the reason, in part, for such impairment is the existence of a lower priority unavoidable encumbrance (such as a mortgage)." *See Leach v. Wells Fargo Home Mortg.* (*In re Leach*), 458 B.R. 185, 192 (Bankr.W.D.Pa. 2011). Based on the foregoing, Brian Dolfi's lien is subject to avoidance under §522(f).

Finally, the Court must address Brian Dolfi's contention that Debtor may only avoid the judicial lien in part as she claimed an exemption in the amount of $15,000.00 as opposed to an amount in excess of $20,000.00 as referenced in the Motion to Avoid Lien. *See* Dolfi's Brief, at 4-5. At oral argument, Debtor explained that the amount of the claimed exemption was based upon her valuation of the property and estimate of the secured debt. In her Schedules (Doc. No. 1), Debtor valued her residence at $170,000.00, estimated PNC's claim to be $155,000.00, and

claimed an exemption of $15,000.00 pursuant to §522(d)(1),[9] which appeared to be the remaining equity based on these figures.[10] Debtor asserts, however, that she is entitled to an exemption in the amount of $23,675.00, thereby permitting avoidance of the entirety of the lien. *See* Debtor's Brief, at 5. Further, Debtor stated her intention to amend her exemptions in both her brief and at oral argument. Although the Court anticipated the filing of an amended Schedule C immediately thereafter, the Debtor has not done so to date.

Brian Dolfi cites to *FDIC v. Finn* (*In re Finn*), 211 B.R. 780 (B.A.P. 1st Cir.1997) and *East Cambridge Savings Bank v. Silveira* (*In re Silveira*), 141 F.3d 34 (1st Cir. 1998) in support of his position that only partial avoidance may be granted. *See* Dolfi's Brief, at 5. While these cases address whether §522(f) permits the avoidance of a judicial lien in part, neither case addresses the specific issue raised by Brian Dolfi which would result in partial impairment, that is, whether Debtor is limited to the amount of the exemption she claimed in Schedule C as of the time of the Motion to Avoid Lien. The language of §522(f) is not so clear on this point.[11]

---

[9]  Pursuant to 11 U.S.C. §522(d)(1), as applicable at the time Debtor filed her case, the Debtor may exempt her "aggregate interest, not to exceed $23,675 in value, in real property or personal property that the debtor…uses as a residence…."

[10]  In the Schedules, Brian Dolfi was not identified as holding a secured claim. In fact, it was not until over one year after the bankruptcy case was commenced that Brian Dolfi amended his Proof of Claim to identify his claim as secured based upon a judgment lien. *See* Claim No. 5-2.

[11]  "[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs *an exemption to which the debtor would have been entitled*…." *See* §522(f)(1) (emphasis added). Similarly, reference is made to "the amount of the exemption that the debtor *could claim* if there were no liens on the property[.]" *See* §522(f)(2)(A)(iii) (emphasis added). *See also Unifund C.C.R. Partners v. Sheckard* (*In re Sheckard*), 394 B.R. 56, 68 (E.D.Pa. 2008) ("[T]his court has found no authority, either statutory or judicial, and appellants have not identified any authority, for limiting avoidance to the amount of the exemption claimed. The statute itself speaks in hypothetical terms about the amount of the exemption the debtor *could* claim if there were no liens on the property, not the amount the debtor *did* claim.").

At oral argument, Brian Dolfi contended that, despite Fed.R.Bankr.P. 1009(a) liberally permitting amendments to exemptions,[12] Debtor should be bound to the amount claimed. Brian Dolfi contends that sufficient time was provided for Debtor to amend the exemption, and the matter is ripe for decision now. The Court agrees that the Debtor has stated an intention to amend, had ample opportunity to act in accordance with that intention, and inexplicably failed to do so. As a result, what otherwise would have been a relatively straightforward determination has been unnecessarily complicated. However, to the extent Brian Dolfi contends that prejudice has resulted from this delay, the Court finds none on this record. At no time prior to briefing did Brian Dolfi challenge the amounts used in Debtor's calculation under §522(f). Further, as indicated at oral argument, Brian Dolfi challenges *only the timing* of an amended exemption as opposed to Debtor's *entitlement* to the higher amount of the exemption. Although neither party cited to any authority on this particular issue, there is case law within the Third Circuit supporting the Debtor's position to permit amendment.[13] Therefore, Debtor will be permitted to avoid the entire judicial lien if Debtor amends her exemption consistent with her stated intention.[14]

## Conclusion

Based on the foregoing, Brian Dolfi's judicial lien is subject to avoidance pursuant to 11 U.S.C. §522(f)(1)(A). Further, the Debtor will be permitted to avoid the judicial lien in its entirety if Debtor appropriately amends the exemption in her residence in seven days. Failure to timely

---

[12] "A…schedule…may be amended by the debtor as a matter of course at any time before the case is closed." *See* Fed.R.Bankr.P. 1009(a).

[13] *See In re Giles*, 340 B.R. 543, 547-48 (Bankr.E.D.Pa. 2006); *Frameli v. Reed Oil Co.* (*In re Frameli*), 155 B.R. 354, 357-58 (Bankr.W.D.Pa. 1993).

[14] Within the Motion to Avoid Lien, Debtor relies on her entitlement to an exemption "in excess of $20,000.00." *See* Motion to Avoid Lien, at ¶37. It appears that Debtor must claim an exemption of at least $19,192.04 in order to fully avoid the lien. This is consistent with Brian Dolfi's contention that equity in the amount of $4,192.04 remains in light of Debtor's $15,000.00 exemption. *See* Dolfi's Brief, at 4-5.

amend the exemption will result in partial avoidance of Brian Dolfi's lien thereby permitting the lien to remain in the amount of $4,192.04. An order will be entered consistent with this Memorandum Opinion.

Dated: October 3, 2019       /s/ Carlota M. Böhm
Carlota M. Böhm
Chief United States Bankruptcy Judge

**MAIL TO:**
Office of the United States Trustee
Keri P. Ebeck, Esq.
Dennis J. Spyra, Esq.

FILED
10/3/19 2:59 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA